FlLED
 .January 13. 2015

 WORKERS• CO).lPE~SATlO~
 CL~I\1~

 Time: 7:15 .\\1

 COURT OF WORKERS' COMPENSATION CLAIMS
 DIVISION OF,¥0RKERS• COMPENSATION

EMPLOYEE: Deborah Little DOCKET#: 2014-06-0021

 STATE FILE#: 70979-2014

EMPLOYER: Sweet T' sand DATE OF INJURY: August 17,2014
Andy Patel

CARRIER: Indemnity Insurance of
N o11h America

 EXPEDITED HEARING ORDER

 THIS CAUSE came before the undersigned Workers' Compensation Judge upon the
Request for Expedited Heruing filed on October 30, 2014, by Deborah Little (Employee) against
Sweet T's and Andy Patel (Employer). The Request for Expedited Heru·ing was filed pursuant
to Tennessee Code Annotated section 50-6-239(d) to consider whether Employee is entitled to
temporruy disability and medical benefits.

 The undersigned Workers' Compensation Judge conducted a heru-ing via teleconference
on December 4 2014. Employee acted prose. Employer did not apperu·. After considering the
arguments, the applicable law, the testimony and all the evidence introduced at the Expedited
Hearing, the Court finds that Employee is entitled to medical benefits.

 ANALYSIS

 Issue

 1. Whether Employer shall be required to provide Employee temporru·y disability benefits,
 and, if so, the amount of those benefits and the pe1iod of time for which they are owed.

 2. Whether Employer shall be required to provide medical benefits to Employee.
 Evidence Submitted

 Employee was the only party that attended the hearing. In addition to her testimony,
Employee entered the following exhibits into evidence:

 Ex. 1 -Medical Bills
 Ex. 2 -Medical Records
 Ex. 3 -USPS Tracking Information

After the conclusion of the hearing, Employee submitted the following proof with leave of the
Court:

 Ex. 4 - Statement of Jennifer Davis

Any other documents submitted to the clerk prior to the hearing that were not introduced as an
exhibit during the hearing were not considered.

 History of Claim

 At the time of the events giving rise to this claim, Employer operated two restaurants in
Tennessee. Employee worked as a server at Employer's Westmoreland location. She earned
$320 per week at the time of her injury.

 On August 17, 2014, Employee entered the kitchen during her shift and slipped on some
water that had pooled on the floor in the area around the dishwashing station. Employee does
not remember the fall but her co-worker, Jennifer Davis, witnessed the accident and provided a
notarized statement. In that statement, Ms. Davis said she saw Employee slip in the area around
the dishwashing station. Employee's head bounced twice and she lost consciousness.

 After Employee regained consciousness, one of her co-employees called an ambulance.
She was transported to Sumner Regional Medical Center (Sumner Regional) and stayed
overnight. Employee underwent a CT scan of her head and neck which revealed no acute
fractures. Employee also had stitches and suffered significant bruising of her face and left eye.

 Employee was released from Sumner Regional on August 18, 2014. The providers at
Sumner Regional did not impose any work place restrictions on Employee. Employee owes
$2,676.58 for medical treatment associated with the accident. Employer told Employee that it
had workers' compensation insurance. However, the insurer refused to pay the Employee's
hospital bills.

 Employee returned to work for Employer approximately two (2) weeks after she was
released from the hospital. Employer, however, closed its Westmoreland location shortly after
Employee returned to work so Employee no longer works for Employer.

 2
 Employee's Contentions

 Employee alleges that she slipped in water that had pooled on the floor in the area around
the dishwashing station in the restaurant kitchen. Employee claims that she could not work for
two (2) weeks following the incident, and that she still suffers from headaches. Beyond the
emergency treatment she received immediately after the accident, Employee has not received
any medical care.

 Employee requests that the Court order Employer to pay the medical expenses associated
with the accident. Employee also requests that the Court order Employer to pay her for the
wages she lost during the two (2) weeks Employee was unable to work.

 Employer's Contentions

 Employer did not appear at the hearing.

 Findings of Fact and Conclusions of Law

 Standard Applied

 When determining whether to award or deny benefits, a workers' compensation judge
must decide whether, based on the evidence introduced at the expedited hearing, the moving
party is likely to succeed on the merits at the compensation hearing. See generally. McCall v.
Nat"l Health Care Corp., 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation
action, Employee shall bear the burden of proving each and every element of the claim by a
preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6). Employee must show that
the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. §
50-6-102(13).

 Expedited hearings are governed by Tennessee Code Annotated section 50-6-239(d)
which provides the following in pertinent part:

 (1) Upon motion of either party made at any time after a dispute
 certification notice has been issued by a workers' compensation
 mediator, a workers' compensation judge may, at the judge's
 discretion, hear disputes over issues provided in the dispute
 certification notice concerning the provision of temporary
 disability or medical benefits on an expedited basis and enter an
 interlocutory order upon determining that the injured employee
 would likely prevail at a hearing on the merits.

Tenn. Code Ann. § 50-6-239(d)(l), (4). In addition, the "Mediation and Hearing Procedures"
governing practice in the Court of Workers' Compensation Claims provides the following:

 3
 After a case is placed on the docket, if there is a dispute over
 temporary disability or medical benefits, either party may request
 an expediting hearing of the issue of temporary disability or
 medical benefits by indicating its desire for an expedited hearing
 on the request for hearing form or by a filing a separate motion.
 The indication of the desire for an expedited hearing on the request
 for hearing form shall serve as the motion for expedited hearing.

Tenn. Comp. R. & Regs., 0800-02-21-.14(1).

 Dispositive Factual Finding

 The Court finds that Employee slipped and fell in standing water in the kitchen at work.
Employee hit her head on the floor when she fell. As a result of the fall, Employee lost
consciousness and suffered a cut to her head. Employee was transported to the hospital and
stayed there overnight. The physician treating Employee did not order that she be taken off from
work or impose any workplace restrictions. Employee incurred significant medical expenses for
treatment related to her injury. Employer's alleged workers' compensation insurance carrier did
not cover the cost of her treatment and the bills remain unpaid. Employer closed its restaurant in
Westmoreland. Employee no longer works for Employer. Employee still suffers from
headaches as a result of the accident.

 Application ofLaw to Facts

 Under the Tennessee Workers' Compensation law, an "injury" or "personal injury" by
accident is compensable whenever "the injury is caused by a specific incident, or set of incidents,
arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-
102(13) (2014). "An injury arises primarily out of and in the course and scope of employment
only if it has been shown by a preponderance of the evidence that the employment contributed
more than fifty percent (50%) in causing the injury, considering all causes[.]" Jd. (internal
quotations omitted).

 Employee has alleged that she slipped and fell in some standing water at work.
Employee suffered a laceration to her head and was hospitalized overnight for treatment and
observation. The Court finds that Employee has alleged a prima facie case for a compensable
workers' compensation injury and is likely to prevail at trial. The Court, therefore, finds that
Employee is entitled to recover temporary workers' compensation benefits. Tennessee Code
Annotated section 50-6-204(a)(l) requires an employer to provide an injured employee
reasonable and necessary medical care for treatment of a compensable injury. Employee
presented evidence showing that she incurred $2,676.58 in medical bills that remain unpaid for
treatment of her injury. The Court orders Employer to cover the costs of Employee's treatment.
Employee shall furnish copies of the bills to Employer for payment.

 Employee claims that she still suffers from headaches as a result of the accident. The
Court finds that Employee is entitled to continued care for her headaches and any other injuries
related to the workplace accident. Employer is hereby ordered to provide Employee a panel of

 4
three physicians pracbcmg in Employee's community from which Employee shall select an
authorized treating physician. See Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). Employee shall pay
the costs of all reasonable and necessary care provided by the authorized treating physician.

 Employee has also requested reimbursement of wages she lost while off from work
following her injury. Employee testified that she missed two (2) weeks of work because of her
injury. The Tennessee Workers' Compensation law does not provide direct reimbursement for
lost wages. Instead, an injured employee is entitled to receive temporary total disability benefits
pursuant to Tennessee Code Annotated § 50-6-207(1) whenever the employee has suffered a
compensable, work-related injury that has rendered the employee unable to work. See Simpson
v. Satterfield, 564 S.W.2d 953 (Tenn. 1978). Entitlement to temporary total disability benefits
ends whenever an employee is able to return to work or reaches maximum medical improvement
(MMI). See id.; Cleek v. Wal-Mart Stores, Inc., 19 S.W.3d 770, 776 (Tenn. 2000).

 Employee has not provided an opinion from a physician stating that she could not resume
working following her injury. The medical records provided by Employee show that the hospital
released her from care the day after her injury without imposing any restrictions on her activities.
Because Employee has not, at this time, submitted any medical proof to show that she was totally
disabled from working due to her injury, the Court finds that Employee is not entitled to recover
temporary disability benefits.

IT IS, THEREFORE, ORDERED as follows:

 1. Employer shall pay Employee's medical bills in the amount of $2,676.58 associated
 with treatment rendered to her to date for the workplace injury;

 2. Employer shall provide Employee continuing treatment for her injury to be initiated
 by providing Employee a panel of treating physicians, in accordance with the
 requirements ofTennessee Code Annotated section 50-6-204(a)(3)(A)(i), from which
 Employee shall select an authorized treating physician;

 3. Employer shall pay the cost of all reasonable and necessary medical care provided by
 the authorized treating physician for the subject injury; and

 4. Employee is not entitled to temporary disability benefits.

 5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance
 with this Order must occur no later than seven (7) business days from the date of
 entry of this Order as required by Tennessee Code Annotated section 50-6-
 239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of
 compliance with this Order to the Division by email
 to WCCompliance.Program@tn.gov no later than the seventh (7th) business day
 after entry of this Order. Failure to submit the necessary confirmation within
 the pe1iod of compliance may result in a penalty assessment for non-compliance.

 5
 6. For questions regarding compliance, please contact the Workers' Compensation
 Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-
 1471 or (615) 532-1309.

Initial Hearing:

 An Initial Hearing has been set with Judge Joshua Davis Baker, Court of Workers
Compensation Claims, on March 2, 2015, at 9:00 a.m. Central Standard Time. You must call
615-741-2113 or toll free at 855-874-0474to participate in the Initial Hearing.
Please Note: You must call in on the scheduled date and time to participate. Failure to call in
may result in a determination of the issues without your further participation.

 ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION
CLAIMS ON THE 13th DAY OF JANUARY, 2015.

 Judge Joshua Davis Baker
 Tennessee Court of Workers'
 Compensation Claims
 220 French Landing Drive
 Nashville, TN 37243

 6
Right to Appeal:

 Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal
the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you
must:

 1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

 2. File the completed form with the Court Clerk within seven (7) business days of the date
 the Expedited Hearing Order was entered by the Workers' Compensation Judge.

 3. Serve a copy of the Request for Appeal upon the opposing party.

 4. The parties, having the responsibility of ensuring a complete record on appeal, may
 request from the Court Clerk the audio recording of the hearing for the purpose of having
 a transcript prepared by a licensed court reporter and filing it with the Court Clerk within
 ten (10) calendar days of the filing of the Expedited Hearing Notice of
 Appeal. Alternatively, the parties may file a statement of the evidence within ten (1 0)
 calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of
 the evidence must be approved by the Judge before the record is submitted to the Clerk of
 the Appeals Board.

 5. If the appellant elects to file a position statement in support of the interlocutory appeal,
 the appealing party shall file such position statement with the Court Clerk within three (3)
 business days of the filing of the Expedited Hearing Notice of Appeal, specifying the
 issues presented for review and including any argument in support thereof. If the
 appellee elects to file a response in opposition to the interlocutory appeal, appellee shall
 do so within three (3) business days ofthe filing of the appellant's position statement.

 7
 CERTIFICATE OF SERVICE

 I hereby cettify that a true and cotTect copy of the Expedited Hearing Order was sent to
 the following recipients by the following methods of se!Vice on this the 13th day of January,
 2015.

Name Certified First Via Fax Via Email Address
 Mail Class Fax Number Email
 Mail
Deborah Little X Littlechic54@hotmail.com
 Sweet T's and X 1555 btterstate Dl'ive, Cookeville,
Andy Patel TN38501

 Joshua Davis Baker
 Workers' Compensation Judge

 8